

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable D. W. Burkhalter
Acting County Attorney
Throckmorton County
Throckmorton, Texas

Dear Sir:

Opinion No. O-6272
Re: Whether the County Judge
elect, under the facts
stated, will be eligible
to qualify on January 1,
1945, and hold the office
of County Judge.

Your letter of recent date requesting the opinion
of this department on the question stated therein is as follows:

"Our County Judge, was re-nominated for the of-
fice in the July 22nd primary, 1944.

"On the 8th day of October, 1944, he tendered
his resignation to the commissioners' court, to take
effect on the 28th day of October,

"On the 28th of October, he moved from this
county to another county where he had established
a business in that county, moved everything he had
in this county, and does not now own any property
of any kind in this county, and he and his family
are residing since October 28th. He did not return
to this county to vote in the Election November 7th

"As his name was the only one on the November
7th Ballot, he was re-elected.

"Question: Will he be eligible to qualify on
January 1st, and hold the office for another Term
leaving his family in the other county to run his
business?"

Section 15, Article 5 of the State Constitution provides:

"There shall be established in each county of this
State a county court, which shall be a court of record;

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and there shall be elected in each county, by the
qualified voters, a county judge, who shall be
well informed in the laws of the State; shall be
a conservator of the peace, and shall hold his of-
fice for two years, and until his successor shall be
elected and qualified. He shall receive as compen-
sation for his services such fees and perquisites
as may be prescribed by law."

Section 14 of Article 16 of the State Constitution
reads as follows:

"All civil officers shall reside within the State;
and all district or county officers within their dis-
tricts or counties, and shall keep their offices at
such places as may be required by law; and failure to
comply with this provision shall vacate the office
so held."

Article 2927, Vernon's Annotated Civil Statutes provides:

"No person shall be eligible to any State, county,
precinct or municipal office of this State unless he
shall be eligible to hold office under the Constitution
of this State, and unless he shall have resided within
this State for the period of 12 months and six months
in the county, precinct, or municipality, and which he
offers himself as a candidate, next preceding any
general or special election, and shall have been an
actual bona fide citizen of said county, precinct, or
municipality for more than six months. No person in-
eligible to hold office shall ever have his name placed
upon the ballot in any general or special election,
or at any primary election where candidates are selected
under the election laws of this State; and no such in-
eligible candidate shall ever be voted upon, nor have
votes counted for him, at any general, special, or pri-
mary election."

Article 2928, Vernon's Annotated Civil Statutes reads
as follows:

"Neither the Secretary of State, nor any county
judge of this State, nor any other authority authorized
to issue certificates, shall issue any certificates of

election or appointment to any person elected or appointed to any office of this State, who is not eligible to hold such office under the Constitution of this State and under the above Article; and the name of no ineligible person, under the Constitution and laws of this State, shall be certified by any party, committee, or any authority authorized to have the names of candidates placed upon the primary ballot at any primary election in this State; and the name of no ineligible candidate under the Constitution and laws of this State shall be placed upon the ballot of any general or special election by any authority whose duty it is to place names of candidates upon official ballots."

Article 2958, V. A. C. S., provides, among other things, that the residence of the married man is where his wife resides.

Referring to Article 2958, V. A. C. S., it is stated in Texas Jur., Vol. 16, p. 46:

"The statute defines the 'residence' within the meaning of the election laws, providing that a residence of the married man is where his wife resides, or if he be permanently separated from his wife, his residence is where he sleeps at night. Thus it has been held that a married man's residence is in the city in which his wife resides, and in which she cares for their children. But no matter how families may be situated, they are not held to have abandoned their residence in a given community merely because the husband or wife or both temporarily absent themselves on account of their own health, or that of their children, or to serve their government, or because their trade or business or profession takes them elsewhere for varying periods of time. . . ."

It was held in the case of Harwell v. Morris, 143 S. W. (2d) 809, that a husband has a right to establish the residence of the family. (Also see the case of McCharen v. Mead, 275 S. W. 117).

The answer to the question propounded in your inquiry depends upon the fact question regarding the legal residence of the person inquired about.

If the "County Judge elect", as a matter of fact, had actually abandoned his residence in Throckmorton County prior to the time of election, and was not an actual bona fide citizen of said county at that time, he would not have been eligible for election to the office of County Judge, and the County Judge, under Article 2928, would not be authorized to issue a certificate of election, and the "County Judge elect" would not be eligible to qualify as County Judge on January 1, 1945. Whether the "County Judge elect" had abandoned his residence in Throckmorton County prior to the time of election or whether he was an actual bona fide citizen of said county at that time, are fact questions which this Department is not authorized to pass on.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

ATTORNEY GENERAL OF TEXAS

AW:rt


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN